## 10346

### WILSON *ET AL.* v. BURRESS.

#### (101 S. E. 820.)

1. PLEADING—ALLEGATIONS OF COMPLAINT NOT DENIED TAKEN AS TRUE.
   —Allegations of the complaint which are not denied in the answer must be taken as true under Code Civ. Proc. 1912, sec. 219.

2. MUNICIPAL CORPORATIONS—STREETS MUST BE USED ONLY AS STREETS EXCEPT WITH CONSENT OF OWNER OF FEE.—Streets cannot be subjected to any other use without the consent of the owners of the fee.

3. MUNICIPAL CORPORATIONS—ONE USING STREET FOR GARDEN LIABLE TO OWNERS OF FEE.—The exclusive use of a part of a street as a garden was in derogation of the rights of the owners of the fee, and made the one so using the street liable to them, unless the use thereof was by the permission of the owners of the fee or one who was authorized by them to give it, and the gardener can be compelled to desist from the use thereof.

4. LICENSES—ACTION TO COMPEL OPENING OF STREET REVOCATION OF LICENSES TO USE LAND AS A GARDEN.—Where owners of fee of street gave another permission to use the street for garden purposes, the commencement of an action by the owners of the fee to compel the party using it to desist from using the street and to open the same was a revocation of the permission to so use it, and it was error to direct a verdict for defendant.

5. JUDGMENT—COURT MUST GRANT RELIEF WHICH FACTS SHOW PLAINTIFF ENTITLED TO THOUGH NOT THE RELIEF DEMANDED.—A party may not be entitled to the particular relief or to all the relief which he demands, but it is incumbent upon the Courts, within certain limitations, to grant the relief which the facts show that he is entitled to.

Before TOWNSEND, J., Sumter, Spring term, 1919. Reversed.

Action by Selina W. Wilson and others against E. L. Burriss.   Judgment for defendant, and plaintiff appeals.

*Mr. A. B. Stuckey,* for appellants, cites : *An ancient record is just as much entitled to admission as primary evidence as is the ancient original:* 17 Cyc. 446.   *Original ancient documents prove themselves:* 14 S. C. 542; 2 N. & McC. 400; 6 Rich. Eq. 155.   ·

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondent (no citations).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In 1872, Joseph S. Wilson and Elbert T. Moore, being the owners thereof, had a tract of land lying in or near the village of Wedgefield surveyed and subdivided into streets and building lots fronting thereon, and had a plat thereof made, by which they conveyed some of these lots to others.

In 1880, they executed in duplicate a deed of partition, wherein certain of these lots (and other tracts which they owned in common) were set apart to each, to be held by him, his heirs and assigns in severalty.   The deed and plat therein referred to were recorded, and from these it appears that the fee in the streets were not conveyed, and the deed contains a covenant that the streets shall be kept open forever to be used as streets by the parties, their heirs and assigns.

Plaintiffs are the heirs of said Wilson and Moore.   They alleged the facts above stated and, also, that they are the owners of one of the lots described in said plat; and that defendant has taken exclusive possession of one of said streets, and has been cultivating it for a number of years, and has fenced in a portion of another street in front of his residence, all to their damage in the sum of $300.   They

demand judgment that defendant be required to open the streets so closed and deliver possession thereof to them, and for $300 damages.

In his answer, defendant alleges that he purchased two lots on said plat from the estate of Joseph Wilson, and, when he took possession of them, he was given permission by Arthur Moseley to use the portions of the streets described in the complaint, without rent and at the will of the owners thereof; that he does not know who the owners are, but is holding the same for them, and he makes no claim to them, but is and has always been willing to surrender possession thereof upon demand of owners; that, until the commencement of this action, no demand had been made upon him therefor, and he is now willing to surrender same to plaintiffs. He denies that he has damaged plaintiffs in any amount, and prays that the complaint be dismissed.

It will be noted that the answer does not deny any of the allegations of the complaint, except that of damage to plaintiffs. It follows that all other allegations of the complaint must be taken as true. Code of Civil Procedure, sec. 219.

Notwithstanding the admission by defendant of all the material allegations of the complaint, by the failure to deny them, plaintiffs' attorney undertook to prove them, and for that purpose offered certain evidence, which, on objection of defendant's attorneys based upon various grounds other than that the facts alleged and sought to be proved had been admitted, was excluded, and the Court finally directed a verdict for the defendant.

From what has been said, it is clear that the Court erred in directing a verdict for defendant. It is equally clear that the questions made by the appellants as to the correctness of the rulings of the Court in excluding the evidence offered by them are speculative.

Upon the admitted allegations of the complaint, plaintiffs are the owners of the fee in the streets, subject to their use

as streets, to which use they were dedicated by plaintiffs' predecessors in title, and, that being so, the streets cannot be subjected to any other use, without the consent of the owners of the fee. *Ragsdale v. Ry.*, 60 S. C. 381, 38 S. E. 609. The exclusive use of a part of the streets by defendant was in derogation of plaintiffs' rights and made him liable to them therefor, unless his use thereof was by the permission of one who was authorized to give it. The evidence is hardly sufficient to show such authority in Moseley, under whose permission defendant claims to have taken exclusive possession of parts of the streets; for, while there is some evidence tending to show that Moseley "took charge" of the Wilson estate, after the death of Joseph Wilson, Jr., it fails to show for what purpose he "took charge," or by what authority, and there is no evidence that he had authority to represent Moore's estate. However that may be, the commencement of the action was a revocation of whatever authority Moseley may have had, and, upon the pleadings, it was error to direct a verdict for defendant.

The fact that plaintiffs demanded judgment that the possesion of the parts of the streets in use by defendant be delivered to them is not material, for they also demanded judgment that defendant be required to open the streets closed by him, and that they have damages for the use thereof by him. A party may not be entitled to the particular relief or to all the relief which he demands; but it is incumbent upon the Court, within certain limitations which are well understood, to grant the relief which the facts show that he is entitled to.

Upon the pleadings, the plaintiffs were at the least entitled to judgment that defendant had no right to the exclusive use of the streets or any part thereof, and that he open the same, and desist from the use thereof, except as streets.

Judgment reversed.